```
IN THE DISTRICT COURT OF THE UNITED STATES
  FOR THE MIDDLE DISTRICT OF ALABAMA
            NORTHERN DIVISION
```

TAVARES LASHAWN DATES, #222958,    )
                                   )
    Plaintiff,                     )
                                   )
v.                                 )   CASE NO. 2:17-CV-537-MHT
                                   )            (WO)
                                   )
DR. WILSON, et al.,                )
                                   )
    Defendants.                    )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Tavares Lashawn Dates, a state inmate, filed the instant 42 U.S.C. § 1983 action on August 8, 2017. In this complaint, Dates alleges that the defendants acted with deliberate indifference to his medical needs and violated federal law by not ensuring appropriate accommodations for his disability, i.e., confinement to a wheelchair due to back and leg pain. *Doc. No. 1* at 5-7. Dates did not submit the $350 filing fee or $50 administrative fee and, instead, filed a document seeking leave to proceed *in forma pauperis* before this court. *Doc. No. 2.* In support of this request, Dates provided financial information necessary to determine the average monthly balance in his inmate account for the 6-month period immediately preceding the filing of this complaint and the average monthly deposits to his inmate account during the past six months.

After a thorough review of the financial information provided by Dates and pursuant to the requisite provisions of 28 U.S.C. § 1915(b)(1)(A), the court determined that Dates owed an initial partial filing fee of $4.33. *Doc. No. 3* at 1-2. The court

therefore ordered Dates to pay the initial partial filing fee on or before September 1, 2017. *Doc. No. 3* at 2. In addition, this order specifically informed Dates "**that it is his responsibility to submit the appropriate paperwork to the prison account clerk for transmission of such funds to this court for payment of the initial partial filing fee**." *Id.* (emphasis in original). The order also "advised [Dates] that if he is unable to procure the initial partial filing fee within the time allowed by this court he must inform the court of such inability and request an extension of time within which to file the fee." *Id.* at 3. Moreover, the court specifically cautioned Dates that failure to pay the requisite fee within the time allowed by the court would result in a Recommendation "that this case be dismissed and such dismissal will not be reconsidered unless exceptional circumstances exist." *Id.*

Pursuant to a motion filed by Dates, the court granted him an extension until September 22, 2017 to file the initial partial filing fee. *Doc. No. 5.* Dates failed to file this fee within the requisite period of time. Consequently, the court entered an order requiring "that on or before October 16, 2017 the plaintiff shall (i) show cause why he has failed to submit payment of the initial partial filing fee as ordered by this court, and (ii) file the $4.33 initial partial filing fee." *Doc. No. 7.* The order cautioned Dates that his failure to respond to this order would result in a Recommendation "that this case be dismissed for [such] failure[.]" *Id.* As of the present date, Dates has filed no response to this order.

Dates has failed to pay the initial partial filing fee within the time allowed by the court and has failed to show cause for this failure. Thus, the court concludes that this

case is due to be dismissed without prejudice. *See Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir.1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for failure of the plaintiff to pay the initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1)(A) as ordered by this court.

Plaintiff may file objections to the Recommendation on or before **November 13, 2017**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which he objects. Frivolous, conclusive or general objections will not be considered by the District Court. Plaintiff is advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 30th day of October, 2017.

                                            /s/ Wallace Capel, Jr.
                                CHIEF UNITED STATES MAGISTRATE JUDGE